UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICK CARDARELLI, et al., ) | CASE NO.: 5:05CV2690 |
| ) | |
| Plaintiffs, ) | JUDGE JOHN ADAMS |
| ) | |
| v. ) | **ORDER AND DECISION** |
| ) | |
| CURB RECORDS, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the Court on Motion by Defendant Curb Records, Inc.[1] ("Defendant") to transfer this matter to the United States District Court for the Middle District of Tennessee, Nashville Division. (Doc. #6) Plaintiffs timely filed a Response to the Motion. (Doc. #10) A Reply brief was thereafter filed. (Doc. #11) Defendant does not dispute that this Court has personal jurisdiction over it but argues that this venue would be inconvenient not only to the parties but also to witnesses intricate to the action. Defendant also bases its motion the location of documentary and other evidence, the situs of the acts forming the predicate for this case, and the interest of justice and efficiency.

## FACTS

This action was originally filed on October 29, 2004, under case number 5:04CV2166. A motion to transfer venue was filed in that case. On November 19, 2004, the parties filed a stipulated dismissal of the action which was approved by this Court on November 22, 2004. Thereafter, Plaintiff Rick Cardarelli ("Mr. Cardarelli") filed a claim

---

[1] Defendant alleges that Asylum was erroneously named as an entity and defendant in this action. This is based on the claim that Asylum is merely a name and logo non-exclusively licensed by Defendant for use primarily in connection with Defendant's name and logo to identify certain promotional materials. Therefore, Defendant claims that Asylum has been improperly named as a Defendant in this action.

with the Equal Employment Opportunity Commission ("EEOC"). The EEOC claim has been terminated and Mr. Cardarelli was issued a notice of his right to sue. The case was re-filed on November 16, 2005, and given the current docket number. Again, Plaintiffs are faced with a Motion to Transfer Venue.

Mr. Cardarelli is a former employee of Defendant.[2] Defendant is a corporation with its principal place of business being Nashville, Tennessee. Defendant is engaged in the distribution and promotion of country music artists and entertainment throughout the United States. During his years of employment for Defendant, Mr. Cardarelli conducted his work out of a home office in Stow, Ohio, and most recently served in the capacity of Director of Promotions/Northeast.

Mr. Cardarelli alleges in his Complaint that he was terminated without cause and replaced by a substantially younger person.[3] He alleges that the individual who replaced him assumed the same responsibilities and territory that he had been responsible for during his employment. This action was brought pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 *et seq*, 29 U.S.C. §215 *et seq.*, and Title I of the Americans with Disabilities Act, 42 U.S.C. §12112.

## DISCUSSION

Defendant filed its Motion pursuant to 28 U.S.C. § 1404(a). This rule provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. §1404(a). The statute places discretion in the district court to adjudicate motions to transfer on an individualized case-by-case consideration of

---

[2] Mr. Cardarelli was employed with Defendant from 1992 through May of 2004.
[3] Mr. Cardarelli is 56 years of age and alleges that he was replaced by a person in his thirties.

convenience and fairness. *Steward Org., Inc. v. Rioch Corp.,* 487 U.S. 22, 29 (1988). The Sixth Circuit has provided its own description of the relevant factors, such as "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness . . . ." *Moses v. Business Card Express, Inc.,* 929 F.2d 1131, 1137 (6th Cir. 1991) (citation omitted).

In order for this Court to transfer venue, Defendant must first demonstrate that the lawsuit may have been initiated in the forum to which the transfer is requested. *Hoffman v. Blaski,* 363 U.S. 335 (1960). To determine such, the court to which the transfer is requested must have subject matter jurisdiction over the action. Because this action was initiated under federal law, the United States District Court for the Middle District of Tennessee, Nashville Division would have proper subject matter jurisdiction.

This Court must also determine whether venue would be proper in that court. *Continental Grain Co. v. Barge FBL - 585,* 364 U.S. 19 (1960). Under 28 U.S.C. §1391(b)(1) venue is proper in an action not based solely on diversity of citizenship in "a judicial district where any defendant resides, if all defendants reside in the same State, . . . ." In this action there are two named defendants, Curb Records, Inc. and Asylum, a Division of Curb Records. Both Defendants reside in Nashville, Tennessee. Therefore, under §1391(b)(1), venue would be proper in that same court. It is additionally noted that Defendants would be amiable to receiving service of process in that local. *See First Bank of Marietta v. Bright Banc Sav. Ass'n.,* 711 F.Supp. 893, 896 (S.D. Ohio 1988). Based on the above, it is clear that this action might have been brought in the transferee court.

Because this action may have been brought in the United States District Court for the Middle District of Tennessee, Nashville Division, the Court must look to the factors listed prior in determining whether a transfer serves the convenience of the parties and witnesses and whether it is in the interest of justice to do so.

Defendant argues the following reasons for transfer of venue: (1) convenience of witnesses; (2) location of documents; (3) possibility of prejudice to the parties in either forum; and (4) the practical considerations associated with trying the case expeditiously and inexpensively.  Plaintiffs emphasize the deference that should be given to their choice of forum and dispute Defendant's offered reasons for transfer.

Mr. Cardarelli claims that he will have no problem establishing a prima facie case of discrimination because he was replaced by someone significantly younger than himself.  Defendant does not dispute this but alleges that this case will turn on its reasons for terminating Mr. Cardarelli, which it claims was for a proper business reason.

Robert Dalton, who was Mr. Cardarelli's last supervisor, is believed to reside in Brentwood, Tennessee.  Defendant's Reply Brief, Exhibit 1, para. 5.  Additionally, Mike Curb and Michael Huddleston, executives for Defendant, who were consulted on both Mr. Cardarelli job performance and his termination, are believed to reside in Nashville and Mount Juliet, Tennessee, respectively.  Defendant's Reply Brief, Exhibit 1, para. 3 & 6.  Finally, Kevin Ward was Mr. Cardarelli's prior supervisor and is believed to reside in Franklin, Tennessee.  Defendant's Reply Brief, Exhibit 1, para. 4.  Plaintiffs respond by pointing out that two of these proposed witnesses, Dalton and Huddleston, are no longer employed by Defendant and that Defendant cannot ensure that they still reside in Tennessee.  This argument, however, also directs the Court to Defendant's statement that

4

it lacks control over whether these key witnesses will appear for the trial as this Court lacks subpoena power over those potential witnesses.

Mr. Cardarelli also submits that a number of his proposed witnesses live both in and out of the State of Ohio: Chuck Collier, a resident of Cleveland, Ohio; John Krenshaw, a resident of Columbus, Ohio; Duke Hamilton, a resident of Cincinnati, Ohio, Stony Richards, a resident of Pittsburgh, Pennsylvania; Justin Case, a resident of Hartford, Connecticut; Eva Wood, a resident of Atlanta, Georgia; Keith Greer, a resident of Dallas, Texas; and Fritz Kuhlman, a resident of Chicago, Illinois.  However, Mr. Cardarelli does not allege that he may have difficulty in obtaining the appearance of these witnesses for trial.

Mr. Cardarelli also states that he will testify and expects to present the testimony of the other plaintiff, his wife, and his son, all of which live in the State of Ohio.  It is, however, noted that, "[T]here is a distinction between party witnesses and non-party witnesses.  Party witnesses are the parties themselves and those closely aligned with a party, and they are presumed to be more willing to testify in a different forum, while there is no such presumption as to non-party witnesses." *Ramsey v. Fox News Network, LLC,* 323 F.Supp.2d 1352,1356 (N.D. Ga. 2004).

In weighing the factors for consideration and taking into consideration the deference given to Plaintiffs' choice of forum, the Court is persuaded by Defendant's arguments.  It appears that transfer of this action would be more convenient for the witnesses.  The reasons for this are that all of Defendant's witnesses reside in the State of Tennessee, most importantly those who made the decision to terminate Mr. Cardarelli's employment.  Additionally, because most of those decision makers no longer work for

5

Defendant, there is nothing compelling their testimony and this Court has no subpoena power over them. The Court also notes the lack of prejudice that will be caused to Plaintiffs by transfer. As stated above, those witnesses to be presented by the Plaintiffs, who reside out of state, will be required to travel to testify regardless of whether the proceedings are held here or in Tennessee. Additionally, is it presumed that the Plaintiffs and their son will be willing to testify in this action regardless of whether it is transferred.

The Court also finds persuasive Defendant's argument that most all of the documentary evidence in this case is located in the Middle District of Tennessee, including: personnel files for Mr. Cardarelli and other employees of Defendant; evaluations of Mr. Cardarelli's work performance; internal correspondence regarding Mr. Cardarelli's replacement, payment records and insurance records. Although Mr. Cardarelli attempts to counter this argument by stating that he is in possession of his personnel file produced by Defendant to the EEOC, it appears from Plaintiffs' Response, that these documents are copies that Mr. Cardarelli has received through a public records request. The file Mr. Cardarelli is in possession of does not contain the original documents that will be needed for trial. Mr. Cardarelli also directs the Court to other relevant documents that he states are in his possession. These documents appear to be those produced through discovery and are not likely the original documents that will be needed for trial. The only documents the Court finds that can be produced by the Plaintiff at trial are any correspondence he may have had with the Defendant and the statistical information that is available and published across the country. These appear to be a very limited amount of the documents to be produced at trial. Therefore, based on

6

the above, this Court also finds that transfer of this action to Tennessee would be in the interest of justice due to the location of documentary evidence.

The Court also finds persuasive Defendant's claim that the inconvenience to it in proceeding with this case in the Northern District of Ohio far outweighs any inconvenience that Plaintiffs will suffer if the case is transferred. In support of this argument, Defendant points to the costs to transport and house witnesses for trial which all live in Tennessee. Additionally, Defendant addresses the costs it will incur due to the loss of work that it will incur with its employees due to their having to travel back and forth to Ohio. As stated previously, Plaintiffs have listed a limited number of witnesses that they would produce who reside in the State of Ohio, among which are Mr. Cardarelli, his wife and son. The witnesses to be presented by Plaintiffs who reside outside of the State of Ohio will be required to travel regardless of whether this action remains in this Court or if it is transferred to Tennessee. The Court, therefore, finds that this action should be transferred to Tennessee for the convenience of the parties.

Defendant also argues that the location of all or substantially all of the operative facts occurred in Tennessee, including the decision and reasons for terminating Mr. Cardarelli's employment. Plaintiffs do not address this issue in their response.

While a plaintiff's choice of forum is given great weight in deciding whether to transfer venue, this factor is not dispositive. *Lewis v. ACB Business Services, Inc.,* 135 F.3d 398, 413 (6th Cir. 1998). Having considered the factors previously listed, the Court finds that a transfer is in the best interests of the parties and witnesses, and that it is also in the interest of justice. Defendant's Motion to Transfer this action to the United States

District Court for the Middle District of Tennessee, Nashville Division is hereby GRANTED.

So ordered.

March 27, 2006

    *s/ Judge John R. Adams*
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT

8